UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In the Matter of the Complaint
of ROVER DOLPHIN TOURS, LLC,
as Owner of the Passenger Vessel
Atlantic Explorer, for Exoneration
from or Limitation of Liability

CIVIL ACTION NO: 2:22cv90

## MEMORANDUM ORDER

This matter comes before the court on claimant Sandy Bowman's "Motion to Dissolve Restraining Order and Injunction and Lift State Court Stay and Motion to Stay Limitation of Liability Claim" ("Motion"), filed on April 1, 2022. ECF No. 18. For the reasons explained below, the Motion is **DENIED**.

### I.

The Atlantic Explorer (the "Explorer") is a 62-foot aluminum hull passenger vessel owned by Rover Dolphin Tours, LLC ("Rover"), a Virginia limited liability company. On February 22, 2020, the Explorer, captained by Mark Sedaca ("Sedaca"), set off from Virginia Beach. Sandy Bowman ("Bowman") was a paying passenger aboard for the journey. Though the parties disagree as to exactly what occurred and who, if anyone, was at fault, a large wave apparently struck the vessel while it was underway that day. The collision allegedly injured Bowman and damaged the Explorer.

On January 31, 2022, Bowman filed a complaint against both Rover and Sedaca in the Circuit Court for the City of Virginia Beach. She demands $3,000,000 for her personal injuries allegedly sustained due to the "defendants' negligence and statutory violations" during the February 22, 2020, voyage. ECF No. 1 Ex. A. There is no indication that Bowman subsequently limited her demand for damages to a lesser sum.

Once Bowman initiated her suit in state court, Rover filed a limitation complaint in this court pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., on March 1, 2022. ECF No. 1. Rover also sought an injunction restraining commencement or prosecution of suits related to the February 2020 incident. Id. at 3-4. On March 2, 2022, the court entered an Order issuing such an injunction, and directing those with potential claims stemming from the incident to file them with this court prior to April 1, 2022. ECF No. 10 at 1-2. Sedaca filed his Answer and Claim on March 28, 2022, asserting rights to indemnification and contribution from Rover for any judgment against him relating to the incident. ECF No. 13. Bowman filed her claim to the limitation fund under protest on April 1, 2022, based on theories mirrored in her state court complaint. ECF No. 15.

The same day, Bowman filed the instant Motion, asking the court to enter an order (1) dissolving the injunction

2

restraining state court proceedings, (2) staying the limitation proceeding while retaining exclusive jurisdiction over the limitation issues, and (3) allowing Bowman to prosecute her claims in state court. ECF No. 18. In support of her Motion, Bowman also submitted stipulations purporting to safeguard Rover's right to limitation, should the court permit her state court case to proceed. See ECF No. 16. Rover and Sedaca filed Memoranda in Opposition on April 14 and 15, 2022, respectively. ECF Nos. 20, 21. Bowman did not reply. Sedaca has not joined Bowman's stipulations, and submits that he opposes dissolution of the concursus. ECF No. 21 at 3. Having been fully briefed, the Motion is now ripe for disposition.[1]

## II.

The relevant jurisdictional statute provides that "district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1) (emphasis added). "The 'saving to suitors' clause of 28 U.S.C. § 1333(1) is understood to preserve, inter alia, a plaintiff's choice to pursue [her] maritime claims in state

---

[1] A hearing is unnecessary as the parties' submissions adequately present the issues and additional argument would not aid the decisional process. See Fed. R. Civ. P. 78; Local Civ. R. 7(J).

3

court in front of a jury, unless there is some other basis for federal jurisdiction." In re Complaint of Great Lakes Dredge & Dock Co., 423 F. Supp. 3d 246, 248 (E.D. Va. 2019) (Morgan, J.) (citing Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001)). In this case, Rover, as owner of the Explorer, invokes the Limitation of Liability Act.

Following a mishap involving a vessel, the Act establishes a procedure for a shipowner to limit its liability to "the value of the vessel and the pending freight." 46 U.S.C. § 30505(a).[2] Claims subject to this protection include those "arising from . . . any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." Id. § 30505(b). Qualifying owners may seek this protection by petitioning a district court within six (6) months of receiving notice of a claim. Id. § 30511(a). After filing, and once the owner establishes a limitation fund or provides other security,

---

[2] "Under the flotilla doctrine, in some circumstances a tortfeasor must surrender the 'combined means,' or flotilla of vessels, by which it undertook completion of the maritime contract, in order to limit liability." In re North Am. Trailing Co., 763 F. Supp. 152, 163 (E.D. Va. 1991) (Doumar, J.). Bowman "stipulates" that the instant limitation fund is measured by the "value of the [Explorer], its cargo and other vessels in its fleet." ECF No. 16 ¶ 1. However, she does not identify any other vessel in the Explorer's fleet that should be considered when determining the value of the limitation fund. This issue is ultimately irrelevant to the instant Motion because her stipulations treat Rover's valuation of the Explorer ($602,222.53) as the interim limitation amount.

4

it may petition the court for an injunction barring "further prosecution of any action or proceeding" against him or his property "with respect to any claim subject to limitation in the action." Supp. Admiralty Rule F(3). The district court must also "order that all claimants against the vessel and her freight file their claims with that court, creating a concursus of claims, 'to ensure the prompt and economical disposition of controversies in which there are multiple claimants.'" Great Lakes, (quoting In re Complaint of Lyon Shipyard, Inc., 91 F. Supp. 3d 832, 423 F. Supp. 3d at 248 834 n.1 (E.D. Va. 2015) (Smith, C.J.)).

This vehicle for limiting a shipowner's liability and marshaling all claims stemming from a maritime accident is in tension with 28 U.S.C. § 1333(1)'s "saving to suitors" clause. "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." Lewis, 531 U.S. at 448.

> [T]o resolve this tension, and to determine the proper forum to hear the case, a district court must assess whether, if the injunction against alternative proceedings were dissolved, the shipowner's "right to seek limitation of liability would be adequately protected." If the district court determines that the shipowner is adequately protected, then the injunction should be dissolved, although the federal court may nevertheless stay the limitation of liability action and retain jurisdiction over it. If the shipowner's right would not be adequately protected, then the

5

>  district court must proceed to adjudicate, without a jury, the claims of liability.

Lyon, 91 F. Supp. 3d at 838 (quoting and citing Lewis, 531 U.S. at 448, 451, 453-54) (internal citations omitted).

A shipowner is adequately protected, making dissolution of the injunction proper, when (1) "there is only a single claimant" who makes certain stipulations, or (2) "the total claims do not exceed the value of the limitation fund . . . ." See Lewis, 531 U.S. at 451. "[A]n indemnity or contribution claim is sufficient to create a multiple-claim situation." Great Lakes, 423 F. Supp. 3d at 251.

While multiple claimants may be treated as one where they stipulate to certain conditions protecting a shipowner's right to limitation, "all claimants must agree to these stipulations in order to adequately protect the shipowner's right . . . ." Lyon, 91 F. Supp. 3d at 839. This remains true even when there are two claims against the limitation fund, with one claimant seeking only contribution or indemnification from the vessel owner. See Great Lakes, 423 F. Supp. 3d at 251-52. Ultimately, courts should decline to dissolve an injunction where doing so would potentially circumscribe a shipowner's right to limitation, as this right "takes precedence over the injured plaintiff's interest in his chosen state court forum." See id. at 249 (citing Odeco Oil & Gas Co., Drilling Div. v. Bonnette,

6

74 F.3d 671, 675 (5th Cir. 1996)). With these legal principles in mind, the court addresses the case at bar.

### III.

Dissolving the injunction barring state court actions against Rover is not warranted at this time. Bowman's unilateral stipulations are insufficient to adequately protect Rover's rights under the Limitation of Liability Act, and the risk of late arriving claimants is best managed by first determining the value of the limitation fund.

The court first notes that Bowman's stipulation concerning the value of the limitation fund is at odds with her state court complaint. Though she submits that "the Value of the Limitation Fund exceeds the total amount" of her and Sedaca's claims, she provides nothing to support this assertion. ECF No. 16 ¶ 2. To the court's knowledge, the $3,000,000 demand in Bowman's state court complaint still stands. See ECF No. 1 Ex. A (complaint filed in Virginia Beach Circuit Court). Bowman also does not refute Rover's representation that the Explorer's value "did not exceed" $602,222.53. ECF No. 1 ¶ 9. It therefore appears that the stipulated interim value of the limitation fund does not exceed the amount of the claims against Rover.

Accordingly, dissolution of the injunction is only proper if Bowman's unilateral stipulations suffice to fully protect Rover's right to limitation, despite the inadequate fund. See

Lyon, 91 F. Supp. 3d at 838-39. Bowman stipulates that, should the court grant her Motion, this court would retain the ultimate authority to adjudicate Rover's limitation claim, and that she will not enforce any judgment against Rover – or any co-liable party – that would cause Rover to pay more than the amount of the limitation fund. ECF No. 16 ¶¶ 3-8. Relatedly, she explains that any claim for attorneys' fees against Rover brought by a co-liable party would have priority over her own claim. Id. ¶ 9. She also relinquishes her ability to argue that any state court judgment would have res judicata effect in this limitation proceeding. Id. ¶ 3. In sum, Bowman submits that she will not take any action to impair Rover's right to limitation.

Bowman's promise not to enforce any portion of a judgment exceeding the limitation fund against any party protects Rover from excessive liability stemming directly from Bowman's claim. And, the prioritization of any co-liable party's claim for attorney's fees makes the prospect of such a claim triggering excess liability unlikely, though not necessarily impossible.[3] Therefore, the court recognizes that these stipulations afford Rover several important protections. However, without similar

---

[3] At this juncture, it appears highly unlikely that Sedaca's attorneys' fees would approach $602,222.53, the interim stipulated value of the limitation fund. Of course, the court cannot predict the course of litigation, and is unaware of the parties' motivation to litigate. If a state court judgment is appealed and remanded for further proceedings, the parties could incur substantial costs.

8

concessions made by Sedaca, they are insufficient to fully protect Rover's rights under the Limitation of Liability Act. The rule in this district, announced under circumstances mirroring those of the instant case, is clear: unless all claimants agree to waive both (1) claims in excess of the limitation fund, and (2) res judicata, a shipowner's right to limitation is not adequately protected. Great Lakes, 423 F. Supp. 3d at 252. Sedaca has not agreed to either stipulation, making dissolution of the injunction inappropriate at this time.

Moreover, Bowman cannot do anything to address Rover's understandable concern that late-arriving plaintiffs could drive its liability beyond the amount of the limitation fund. See ECF No. 20 at 1 (noting that the Explorer had 120 people on board during the February 22, 2020, voyage).[4] Should the court dissolve the injunction and new parties appear to file claims against Rover or Sedaca, the court would be forced to intervene to protect Rover from exposure to excess liability.[5] For this reason, establishing the value of the limitation fund prior to assessing the merits of each claim is the most prudent and

---

[4] Bowman failed to address this issue in her Memorandum in Support, ECF No. 19, and failed to reply.

[5] The federal statute of limitations for maritime personal injury claims is three (3) years. 46 U.S.C. § 30106. Though the statute of limitations for personal injury claims under Virginia law is two (2) years, various tolling events may extend this period. See Va. Code Ann. §§ 8.01-243 (two (2) year limit), 8.01-229 (tolling events).

9

efficient way to manage the risk of late-arriving claimants. Given the significant potential for this risk to materialize, the court would decline to exercise its discretion to dissolve the injunction, even if it had the authority to do so.

In sum, the substantial risk of new injured parties appearing, the outside chance of Sedaca seeking attorneys' fees from Rover exceeding the limitation fund, and Sedaca's failure to relinquish a potential res judicata argument concerning a state court judgment, counsel against dissolution of the injunction.

### IV.

For the foregoing reasons, Bowman's Motion, ECF No. 18, is **DENIED**. The court's Order issued on March 2, 2022, ECF No. 10, remains in full force and effect. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May 19, 2022